IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Tanyin B. Holley, Sr.,  )
    Plaintiff,  )
  )
v.  )  1:10cv1205 (GBL/TRJ)
  )
Ricardo Brickers, et al.,  )
    Defendants.  )

FILED SEP 26 2011 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Tanyin B. Holley, Sr., a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging the defendants violated his rights by using excessive force and exhibiting deliberate indifference to his medical needs. Defendants Ricardo Brickers and Antonio Tolbert filed a Motion for Summary Judgment, arguing that (1) the doctrine of judicial estoppel precludes Holley's excessive force claims, (2) there was no excessive force, (3) Holley has failed to state a claim of deliberate indifference, and (4) Holley has failed to exhaust his administrative remedies. Holley was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. Because the doctrine of judicial estoppel precludes Holley's excessive force claims and Holley has failed to state a claim of deliberate indifference, defendants' Motion for Summary Judgment will be granted.

### I. Background

On February 28, 2010, Holley was a pre-trial detainee incarcerated at the Norfolk City Jail, where defendants Ricardo Brickers and Antonio Tolbert were employed as correctional officers. See Holley Aff. at 1, ECF No. 17. Sometime that day, Holley was involved in an

1

altercation with another inmate named Gilbert. From that altercation, Holley received a bruise on his face and cut on his head, which were treated by Ms. Willis in the medical department. Id.

Holley explains that he was in his cell at around 2:30 AM on March 1, 2010, trying to get a supervisor's attention because he was having medical issues. See Compl. at 4, ECF No. 1. Defendants Brickers and Tolbert told Holley to be quiet, but Holley continued to call for help. Brickers and Tolbert approached Holley's cell to "take [Holley's] belongings." Id. Holley tied his jail jumpersuit around the bars of his cell, allegedly because he feared for his safety and because '[t]here wasn't any authorization for the cell entry by for Tolbert and Brickers to enter." Id. at 6.

Brickers and Tolbert used a knife to cut his jail jumpersuit off the door, and then entered the cell. Holley states that he was lying face down on his bed when Tolbert and Brickers entered his cell. Id. Brickers allegedly "rushed and struck [Holley] viciously in the head with the walkie talkie radio…while Tolbert held [him] down and was punching [Holley] in the face repeatedly." Id. Holley states that Tolbert then picked Holley up and threw him back on the floor, and then Tolbert and Brickers both punched and kicked Holley before leaving the cell, "leaving [Holley] lying in a pool of blood." Id. at 7. Holley alleges that neither Tolbert nor Brickers took steps to ensure that Holley received medical attention. Id. Other officers who saw Holley took him to the medical department to be treated, where he was diagnosed with "multiple injuries serious and minor," including "a deep laceration to the side of [his] head that required 5 staples to close, swelling to the side of [his] head, swelling behind [his] ear, blood found in [his] urine, back contusion, bruised ribs, permanent vision lost and damage to [his] right eye…[and] psychological pain." Id. at 7-8.

Holley states that he tried to file a grievance about this incident, but no one would give him a grievance form. See Compl. Ex. A at 1, ECF No. 1-3. He alleges that an internal affairs investigation was pursued, but that he was transferred to Hampton Roads Regional Jail March 24, 2010, before the investigation was concluded. Id. Holley also filed a complaint with a Magistrate, which was refused. Id. at 1-3.

As an exhibit to his complaint, Holley included a letter dated April 8, 2010 and signed by Lieutenant Colonel R.E. Wash of the Norfolk Sheriff's Office. The letter explains that Mr. Wash "reviewed the investigation conducted by the Internal Affairs Division of the Norfolk Sheriff's Office into [Holley's] complaint of misconduct by Deputy Ricardo Brickers and Deputy Antonio Tolbert on March 8, 2010" and that "[i]t "has been determined that [Holley's] complaint has been substantiated." See id. at 4.

In the Brief in Support of the Motion for Summary Judgment, defendants note that Holley was charged with felony assault and battery on a law enforcement officer as a result of the incident on March 1, 2010. See Brief at 3, ECF No 15. On July 1, 2010 in the Circuit Court for the City of Norfolk, Virginia, Holley entered a guilty plea to a reduced charge of misdemeanor assault and battery and was sentenced to twelve months confinement. See Brief Ex. at 6-8, ECF No. 15-5. He signed the following stipulation of facts:

> On March 1, 2010, Deputy R. Brickers was conducting visual rounds of Post 2B at section 1 in the Norfolk City Jail...when he heard inmate Tanyin Berlin Holley, the defendant, banging and yelling. Deputy Brickers walked over to his cell and instructed the defendant to calm down and to stop making so much noise. The defendant ignored Deputy Brickers' commands and continued to bang and scream. Deputy Brickers instructed the defendant to turn around and face the wall so that he could enter the cell and move the defendant to disciplinary segregation. The defendant was vey [sic] uncooperative and tried to tie his jumper and blanket around the cell door to prevent deputies from entering. Deputy Brickers used the key and opened the cell door at which time the defendant spit without provocation in the direction of the deputies. Some of the spit landed on Deputy Brickers' face and jaw area. With Deputy Tolbert's assistance, Deputy Brickers was able to

> grab the defendant by the arm and remove him from the cell. However, the defendant resisted Deputy Brickers' efforts. Finally, the defendant was taken to the floor and brought under control. The defendant received injuries as a result of the take down. At all times Deputy Brickers was dressed in his Norfolk Sheriff's department uniform with his badge of authority displayed.

Id. at 9. Defendants also attached an "Injury to Inmate Report" to the Brief in Support, which indicates that Holley was taken to the medical department and treated at 2:56 AM on March 1, 2010. Id. at 11. Finally, defendants provided the Court with a copy of a letter dated April 19, 2010 and signed by Robert E. Wash, in which Wash explains that Holley was mailed an incorrect disposition letter dated April 8, 2010 and, in fact, the evidence and facts gathered during the investigation into Holley's claims "did not support [Holley's] allegation of excessive force. Id. at 17.

Holley does not address his misdemeanor conviction or the April 19 letter in his responses to the Motion for Summary Judgment.

## II. Standard of Review

In reviewing the Motion for Summary Judgment by defendants, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported . . . [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."

Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

### III. Analysis

#### A. Excessive Force

Holley argues that defendants Brickers and Tolbert violated his constitutional rights through the use of excessive force at approximately 2:30 AM on March 1, 2010.[1] Because the factual assertions he makes to support this claim are inconsistent with the position he took when entering his guilty plea to misdemeanor assault and battery in the Circuit Court for the City of Norfolk, Virginia on July 1, 2010, this claim is precluded by the doctrine of judicial estoppel and will be dismissed.

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." See Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996). "The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." See id. (citing John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 28–29 (4th Cir.1995) (citations and internal quotation marks omitted); Mark J. Plumer, Note, Judicial Estoppel: The Refurbishing of a Judicial Shield, 55 GEO. WASH. L. REV. 409, 435 (1987) ("Judicial estoppel is properly defined as a bar against the alteration of a factual assertion that is inconsistent with a position sworn to and benefitted

---

[1] Factual issues exist as to whether Holley fully exhausted his claims administratively. See Compl. Ex. A at 1, ECF No. 1-3; Brief in Supp. at 9-10, ECF No. 15. Because it is clear on this record that defendants are entitled to summary judgment on the merits of Holley's claims, judicial economy dictates that an evidentiary development of the exhaustion issue be bypassed in favor of adjudicating defendants' summary judgment motion on the merits.

from in an earlier proceeding.")). Notably, "judicial estoppel is designed to protect the integrity of the courts rather than any interests of the litigants." Id.

Judicial estoppel is only appropriate when three elements are satisfied. First, "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation" and "the position sought to be estopped must be one of fact rather than law or legal theory." Id. at 224 (citation omitted). Second, "the prior inconsistent position must have been accepted by the court." Id. (citation omitted). Third, "the party sought to be estopped must have 'intentionally misled the court to gain unfair advantage.'" Id. (citation omitted).

Here, Holley's current position is inconsistent with the position he took in the stipulation of facts when he entered his guilty plea in the Circuit Court for the City of Norfolk. See Lowery, 92 F.3d at 224 (holding that the district court properly applied the doctrine of judicial estoppel when the § 1983 plaintiff's "position regarding the circumstances of the shooting [in the § 1983 complaint, in which he alleged the defendants had used excessive force, was] contradictory to the position he took when he pled guilty" to maliciously causing bodily injury to a police officer). Therefore, the first element is satisfied.

The second element is also satisfied because the judge accepted Holley's guilty plea. See id. at 225 ("[W]e find that the trial judge accepted Lowery's position when he accepted his guilty plea."). The third element is satisfied because Holley was charged with felony assault and battery but pleaded guilty to the lesser-included charge of assault and battery misdemeanor as a result of his plea agreement. See id. ("Particularly galling is the situation where a criminal convicted on his own guilty plea seeks as a plaintiff in a subsequent civil action to claim redress based on a repudiation of the confession."). Because all three elements are satisfied, Holley's claim of excessive force is precluded by the doctrine of judicial estoppel and will be dismissed.

B. Deliberate Indifference

To state a claim of inadequate medical care that rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, Holley must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. Second, he must allege deliberate indifference to that serious medical need.[2] Under this second prong, an assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, plaintiff must allege and demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Estelle, 429 U.S. at 106. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citations omitted).

Here, assuming without deciding that Holley's injuries constituted a sufficiently serious medical need, his claims against the defendants fail under the deliberate indifference prong because defendants behaved in a manner that was not "grossly incompetent, inadequate, or excessive as to shock the conscience." Id. Both defendants knew Holley was taken to the medical unit immediately after the incident. See Brickers Aff. at 2, ECF No. 15-1; Tolbert Aff. at 2, ECF No. 15-2. The timing of Holley's medical care demonstrates that the defendants were

---

[2] Holley's claims arise under the Due Process Clause. See Bell v. Wolfish, 441 U.S. 520 (1979) (noting that constitutional claims of pretrial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) ("This standard is the same as that which applies in cases arising under the Eighth Amendment, where prison officials are accused of deliberate indifference to a substantial risk of serious harm to prison inmates.") (internal quotations omitted).

not behaving with "actual intent or reckless disregard." See Miltier, 896 F.2d at 851 (citations omitted). Although Holley may disagree with defendants' treatment choices, his allegations reflect, at most, medical negligence; they do not suffice to establish deliberate indifference by either defendant. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (noting that a inmate's disagreement over the course of his treatment does not state a cause of action). Accordingly, Holley fails to state a claim of deliberate indifference to his serious medical needs, and this claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the defendants' Motion for Summary Judgment will be granted. An appropriate Order and judgment shall issue.

Entered this _26*__ day of _Sept*___ 2011.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge